A. G. LENNON *vs.* J. C. BRAINARD and another.

January 3, 1887.

**Bill of Exchange — Mistaken Indorsement — Payment to Stranger—Negligence—Liability of Drawer to Payee.**—Where a draft which was intended for "C. A. R.," was erroneously indorsed payable to "C. R.," and was shown to have been inclosed in a letter duly addressed and mailed to "C. A. R.," at his place of business in a a distant city, but miscarried, and was never received by him, and was fraudulently indorsed and collected by a stranger, *held,* in a subsequent action to recover the amount of the draft by the true owner, that, in the absence of any identification of the fraudulent indorser, or that any person bearing the name "C. R.," so indorsed, lived in or received his mail, at the time, in the city to which the letter was sent, the mistake in the original indorsement was not sufficient to raise an issue for the jury upon the question of plaintiff's negligence, and a verdict was properly directed.

Appeal by defendants from an order of the district court for Steele county, *Buckham,* J., presiding, refusing a new trial.

*J. M. Burlingame,* for appellant.

*Wheelock & Sperry* and *A. C. Hickman,* for respondent.

VANDERBURGH, J.   The plaintiff procured a draft of defendants, bankers, upon the First National Bank of Chicago, for $100, dated January 9, 1882, and payable to her own order.   On the same day, it was indorsed by her, through her husband, who acted for her and used her name, as follows: "Pay Chas. Raymond, Boston."   He testifies positively that the draft was, after it was so indorsed, carefully in-

closed in an envelope, with an accompanying letter, and addressed, "Chas. A. Raymond, 175 Congress street, Boston, Mass.," that being his address and place of business. The letter and draft were not, however, received by the latter in due course or at all, until it was sent a second time, as below mentioned. On the 21st day of January following, the same draft was presented at a hotel in Boston, in payment for his bill, by a person who had the day before registered there as "Chas. Raymond," and was by him indorsed. It was received and deposited in bank, and thereafter forwarded and collected of the drawee, the First National Bank of Chicago. This indorsement is admitted to have been fraudulent and a forgery; but nothing further appears in evidence as to the identity or name of the person so indorsing it. The draft was intended for "Chas. A. Raymond," to whom plaintiff was indebted, but was by mistake indorsed payable to "Chas. Raymond." It was forwarded to and formally indorsed by "Chas. A. Raymond" to plaintiff, in August, 1882, her account with him having been otherwise adjusted. And thereafter, payment having been duly demanded of the drawee and refused, she brought this action to enforce the collection thereof against the defendants. Upon the trial the court directed a verdict for the plaintiff.

The principal question here is whether the court erred in such disposition of the case upon the evidence. The defendants contend that there is evidence in the case tending to prove negligence on the part of the plaintiff in forwarding the draft, which caused or contributed to the fraudulent misappropriation and negotiation thereof, and that this question should have been submitted to the jury. The draft was, according to the plaintiff's evidence, inclosed in a letter directing "Chas. A. Raymond" to apply the amount upon plaintiff's indebtedness to him. If the evidence in her behalf was true, then the letter was wrongfully delivered, or intercepted by some one other than the person addressed; and the fraudulent and unauthorized indorsement of "Chas. Raymond" is as much a forgery as if the draft had been correctly indorsed by plaintiff, and the letter had been intercepted, or the draft stolen and negotiated through a forgery of the name of "Chas. A. Raymond." There is no proof that it in fact came into the possession of any one identified as "Chas. Raymond." It

was not shown that any one of that name lived in or received his mail in Boston at that date. It does not even appear that the party who negotiated the draft at the hotel was registered as a resident of Boston, or that he was identified at all by the hotel clerk who received it from him. Hence the evidence that one claiming to be "Chas. Raymond" responded to a letter addressed to that name in the Charlestown district of the city, in the year 1884, would not raise or strengthen the presumption that he received the letter in question here in due course of mail, and, of course, would not be material upon the alleged mistake of plaintiff's husband in sending the draft. And, for the same reason, it was not material to prove that the indorsement was in the same handwriting as the signature to the letter introduced in evidence by plaintiff purporting to come from "Chas. Raymond" in 1884.

No case was made for a new trial on the ground of newly-discovered evidence. At the December term, 1884, the action was continued to the June term, 1885, on the application of the defendants, to enable them to prove the residence of Charles Raymond, which it was alleged was No. 6 Sumner street, Charlestown, a suburb of Boston. But it is clear that there is no sufficient evidence of diligence on the part of the defendants to procure the desired testimony at the June term, and the motion for a new trial on that ground was properly denied.

The testimony is clear and explicit on the part of the plaintiff that the letter inclosing the draft was addressed, "Chas. A. Raymond," at his place of business, Boston; and that the address was taken from one of his bill-heads, placed before the writer at that time. There was no conflict in the evidence, and there is no presumption, therefore, that the draft miscarried, and fell into the hands of some one whose address was, "Chas. Raymond, Boston," through the mistake or carelessness of the plaintiff. Since the indorsement of "Chas. Raymond" appears to be a forgery, the payment was unauthorized, and the plaintiff, upon the record as it exists, was entitled to recover, and a verdict was properly directed.

Order affirmed.