## TRUSTEES OF GERMAN EVANGELICAL LUTHERAN ST. JOHN'S CONGREGATION AND ANOTHER v. MERCHANTS NATIONAL BANK.[1]

December 21, 1917.

No. 20,635.

**Bank and banking — certificates of deposit — to whom payable — alteration — admission of evidence.**

Action to recover the amount of certificates of deposit issued by defendant to German Lutheran Cemetery payable to its treasurer and its president, and paid by defendant to the treasurer alone, the certificates having been altered by him so that as presented they were payable to the treasurer or the president. It is *held*:

[1]Reported in 165 N. W. 491.

(1) Conceding that defendant could have rightfully paid the certificates without an indorsement, it was bound to pay to the person or persons authorized by the terms of the certificates to receive payment. Payment to the treasurer was not justified unless he was by the terms of the certificates so entitled to receive payment, and it is not material that he was in fact the treasurer of the cemetery and as such in charge of its funds. or that defendant so believed. It was not error to receive in evidence a certain resolution, or the testimony of the president as to instructions given defendant's teller as to whom the certificates should be made payable.

(2) The certificates belonged to plaintiffs, under the name of German Lutheran Cemetery. The treasurer and president were their agents to receive payment, and plaintiffs, for their own protection, had provided against payment to either without the consent of the other. Under these circumstances a payment to either agent alone, without the other's consent, does not discharge the bank's liability to the principal.

(3) The evidence justified a finding that the treasurer never paid over to plaintiffs or accounted for the moneys received on the certificates.

(4) Defendant cannot complain that the trial court instructed the jury that plaintiffs could not recover unless defendant was negligent, though, if the certificates were altered after they were issued so as to make them payable to either the treasurer or the president, the defendant is liable even though it was not negligent. There was no prejudice to defendant in receiving evidence on this issue, or in instructing the jury thereon.

(5) There was no error in instructions to the jury as to certain of the certificates which as presented for payment did not have the word "or" between the names of treasurer and president.

(6) The court did not err in allowing plaintiffs' interest at 6 per cent from the date of the demand upon defendant.

Action in the district court for Ramsey county by the trustees of two Lutheran churches to recover $7,650, the value of certain certificates of deposit purchased from defendant.

The complaint alleged that the moneys for which the certificates were issued were known by defendant to be the property of plaintiffs and of the German Lutheran Cemetery board, and J. Brandtjen and C. Gerstermeier, to whose order the certificates were issued, had no interest therein; that when the certificates were issued defendant neglected to ascer-

tain from plaintiffs or the cemetery board the authorized indorsement of that board upon which they might be paid, and further neglected to obtain from plaintiffs and the cemetery board a proper signature card, showing upon whose indorsement such certificates should be paid; that it is the custom of all banks, including defendant bank, to keep an accurate record of all certificates of deposit issued, showing the date of issue, number of certificate and the name or names of payees; that defendant carelessly failed to keep such record and that the certificates were carelessly written by defendant and so filled in that they could be easily altered; that defendant without the knowledge or authority of plaintiff paid the certificates to Gerstermeier without the authorized indorsement of the cemetery board; that about January 30, 1914, he altered and forged the certificates by inserting the word "or" between the names of John Brandtjen and C. Gerstermeier, thereby materially changing the tenor of the certificates, and about that day defendant negligently paid the altered instruments to Gerstermeier, who appropriated the proceeds to his own use and is now hopelessly insolvent.

The answer alleged that all the certificates upon their face when issued were payable to C. Gerstermeier, treasurer, or J. J. Brandtjen, president, and all were paid in full upon proper indorsement according to their tenor, that they were issued upon and in accordance with the instructions of Gerstermeier, who personally deposited the amounts of money paid therefor, and transacted the business connected with them, and no other person appeared to the defendant in connection therewith; that at all times Gerstermeier was the treasurer of German Lutheran Cemetery, and had full control of the moneys and disbursements in connection with its business, and made all deposits with defendant and all withdrawals of the same, and had full power to indorse all checks for the cemetery and did indorse all the certificates as treasurer of the cemetery; that defendant had no notice or knowledge of any limitations upon the powers of Gerstermeier as such treasurer, and the cemetery and all the directors had full notice of all his dealings as treasurer with defendant.

The case was tried before Olin B. Lewis, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $7,461.15. From an order denying its motion for judgment notwithstanding the verdict and granting its motion

for a new trial unless plaintiffs consented to a reduction of the verdict to $6,762, defendant appealed. Affirmed.

*John F. Fitzpatrick,* for appellant.

*Morphy, Bradford & Cummins,* for respondents.

BUNN, J.

Plaintiffs are church corporations and jointly own and manage by means of a board of directors of eight members, four from each church, the German Lutheran Cemetery in St. Paul. This board elects a president and treasurer. The by-laws provide that 20 per cent of the selling price of lots in the cemetery shall be set aside and become a part of a fund to be known as "The Continuous Care and Improvement Fund," that this fund shall be invested in safe securities and the interest used for the purpose of keeping lots in good condition and for the general improvement of the cemetery. Until changed in 1913, the by-laws provided that this fund "shall be in the care of the treasurer, who shall be sufficiently bonded in a surety bonding company, amount to be determined by Board of Directors." In January, 1913, this by-law was amended by a resolution passed by the two congregations transferring the managing control of the continuous care fund to the treasurer, together with the president of the board of directors, and dispensing with the treasurer's bond until otherwise decided. Prior to this resolution, the treasurer, Carl Gerstermeier, had control of the fund, and saw to its investment in certificates of deposit and other securities. Though by another by-law all checks had to be signed by both the president and the treasurer, the latter received the moneys, and the certificates were made payable on his indorsement. A number of certificates of deposit had been purchased by Gerstermeier as treasurer from the defendant bank, made payable to the cemetery on return of the certificate indorsed by Gerstermeier, treasurer. Early in 1913, after the passage of the above resolution, John Brandtjen, the president of the board, and Gerstermeier, according to the testimony of Brandtjen, visited the defendant bank for the purpose of purchasing certificates of deposit, and Brandtjen told the teller that they wanted the certificates issued to the German Lutheran Cemetery, "making them in joint control of both the treasurer and the president, so that it would require the signatures of the treasurer and president to

either cash or renew these certificates." Certificates were purchased about this time, and made payable "to the order of C. Gerstermeier, Treas. J. Brandtjen, Pres."

Thereafter and during 1913, 1914 and 1915, other certificates of deposit were purchased by Gerstermeier. Twenty-two of these certificates were paid by defendant to Gerstermeier, on his presentation of them indorsed "German Lutheran Cemetery, C. Gerstermeier, Treas." Gerstermeier appropriated to his own use the funds so received in payment of these certificates, and plaintiffs never recovered any part of the amount, Gerstermeier being insolvent.

This action was brought to recover of defendant bank the amounts of the 22 certificates so paid to Gerstermeier. The gravamen of each of the 22 causes of action was that the certificate involved therein was not by its terms payable to Gerstermeier, but was payable to him and Brandtjen. Negligence in various particulars was charged against defendant. At the close of the evidence on the trial, the court eliminated 10 of the causes of action, for the reason that the 10 certificates involved showed that they were made payable to the order of Gerstermeier, Treas. or Brandtjen, Pres. The 12 remaining causes of action were submitted to the jury. The certificates involved in these causes of action either have on their face evidence of an alteration by erasure and the insertion of the word "or" between the names of Gerstermeier and Brandtjen, or the word "or" did not appear between the names. Where this word did appear, but there was evidence that it had been inserted either after an erasure or without, the court in substance submitted the case to the jury on the issue of negligence, making defendant's liability depend on whether it failed to use ordinary care to discover the alteration. The verdict was for the plaintiffs in the sum of $7,461.15. This was reduced by the trial court to $6,762, remitting a part of the interest allowed by the jury. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied, and this appeal prosecuted from the order.

1. Defendant's first point is that the certificates of deposit could rightfully be paid by the bank to the payee without an indorsement. This is on the ground that the certificates do not say that they were payable to "C. Gerstermeier, Treasurer, and J. Brandtjen, President," when properly indorsed, but that they were payable to their *order* when prop-

erly indorsed.  In other words, an indorsement is only necessary when the certificate is presented for payment by an indorsee.  This may all be conceded.  The point is not as to by whom the certificates were indorsed when presented for payment, except as that fact might show the bank that payment was authorized.  The material thing is that the certificates be paid to the persons or person authorized by their terms to receive payment.  If payment is made to the right person, according to the terms of the certificate, the bank performs its duty and it would not matter whether it was indorsed.  If, on the contrary, payment is made to a wrong person, one not entitled by the terms of the certificate to receive payment, the liability of the bank is clear.  It is all a question of to whom the certificates were payable.  If a check or draft is payable to the order of John Smith, the bank might require his indorsement before paying him the amount, but it would be protected if it paid him without his indorsement.  But if the check or draft was presented by another than the payee, with no indorsement or a forged indorsement, the bank would pay at its peril.  We do not see why that is not the present case, so far as this point is concerned.

The same answer is applicable to the argument that Gerstermeier was in fact the treasurer of the cemetery and had the handling of its funds.  Even without the resolution of January, 1913, and the evidence of the information given the bank as to how the certificates should be made payable, and assuming that the bank was justified in believing and did believe that Gerstermeier, as treasurer, was entitled to receive all funds of the cemetery, the question still comes back to this: To whom were the certificates payable by their terms?  If not to Gerstermeier, payment to him would not be justified because he was believed to be entitled, as treasurer, to receive payment.

The resolution of January, 1913, and Brandtjen's evidence of his directions to the teller to make out the certificates so that they could not be paid without the indorsement of both the treasurer and the president, are items of evidence that had a clear bearing on the chief question at issue, as to whom the certificates in question were made payable.  There was no error in receiving this evidence.  Whether it was properly admitted on the issue of negligence depends upon whether there was any such issue, a question to be referred to later.

2. Another contention of defendant is that, as to certificates payable to Gerstermeier and Brandtjen jointly, a payment to either was justified. The rule that where there are several joint payees a payment to either will discharge the debt is relied on. But here German Lutheran Cemetery, the name under which plaintiffs were doing the business, was the real payee, the owner of the certificates. Brandtjen and Gerstermeier were simply agents for plaintiffs, who had seen fit for their own protection to provide against payment to either without the consent of the other. This is not an unusual situation, and we see no possible answer to the proposition that a payment to either agent, without the consent of the other, does not discharge the bank's liability to the principal. It would hardly seem necessary to refer to authorities in support of this proposition. The case of Rollins v. Phelps, 5 Minn. 373 (463), announces the rule that an authority conferred upon several joint agents must be exercised by them all, and any act done by a less number will be void as against the principal. We are aware of no subsequent case in this state that changes this rule. Robbins v. Horgan, 192 Mass. 443, where a payment to one of two joint agents was held not to discharge the payee's liability to the principal, is much in point. 7 C. J. 675, et seq., and cases cited. The case at bar is stronger than those referred to, as here we have the element of a clearly expressed intention to safeguard the interests of the principal by the requirement that payment be not made to either agent alone. In the last analysis, the case is one of payment to a person not authorized to receive it. It is elementary that this does not discharge the debt. McMahon v. German American Nat. Bank of Little Falls, 111 Minn. 313, 127 N. W. 7, 29 L.R.A.(N.S.) 67, 7 C. J. 650.

3. It is contended that the evidence conclusively showed that Gerstermeier accounted to plaintiffs for the money he received on the certificates of deposit, and that the loss of plaintiffs comes from his defalcation more than a year afterwards. This claim is based on the fact that Gerstermeier's accounts as treasurer were examined and found correct some time after the money had been received on the certificates. But it does not follow because the treasurer's books showed no shortage, that he had accounted for the money received on the certificates. There was evidence that plaintiff had never received any part of the money received by Gerstermeier on the certificates. This question was submitted to the jury,

the instruction being that plaintiffs' could not recover if Gerstermeier accounted to them for the funds after the certificates were paid to him, even though he afterwards took the funds from the treasury. The jury decided this issue in plaintiff's favor, and the evidence sustains this decision.

4. Defendant now contends that there was no issue of negligence in the case, and that it was error to submit this issue to the jury. We are inclined to agree that it was not necessary for plaintiffs to show negligence in order to recover. If the certificates of deposit had been in fact altered by the insertion of the word "or" between the names of Gerstermeier and Brandtjen, so as to make them payable to either, instead of to both jointly, defendant would be liable without reference to the question of its negligence. The case is not different from what it would have been had the certificates been presented for payment with the indorsement of one or both names forged. In the absence of negligence on the part of the plaintiffs, the liability of the bank is clear, even though it was not negligent. 7 C. J. 683, et seq., and cases cited. Lennon v. Brainard, 36 Minn. 330, 31 N. W. 172. But defendant has no just complaint either because evidence was received tending to show its negligence, or because the court made a finding of negligence essential to a recovery as to the certificates in which the word "or" appeared to have been inserted after they were issued. The court made it very clear to the jury that defendant was not liable on account of the payment of these certificates unless it was found that they had been altered as stated. Under the instructions the jury, in order to decide for plaintiffs, was obliged to find both that the certificates had been thus altered, and that defendant was negligent. If this was error, plaintiffs might have cause for complaint had the verdict been against them, but clearly defendant has none. Nor is there anything in the suggestion that the interjection of this issue tended to prejudice the jury against defendant. The vital issue of alteration was too clearly submitted to the jury to justify an inference that there was any prejudice. Furthermore an inspection of the various certificates, with the evidence in relation to the erasures and alterations, makes it well nigh conclusive that the certificates had been altered as stated.

5. As to three of the certificates the court instructed the jury to find for plaintiffs. These certificates did not show the word "or" between the names of the payees. Defendant's complaint here is that the amount of these certificates was paid by a cashier's check made to the order of "German Lutheran Cemetery," delivered to Gerstermeier, indorsed by him and paid by another bank in which the cemetery kept a checking account. We do not find evidence which indicates that this check was deposited to the credit of this account, but in any event we think that the court by the instruction, before referred to, given at the end of the charge, that plaintiffs could not recover if Gerstermeier had accounted to or paid them the amounts received from the certificates, qualified the instruction as to defendant's liability on these three certificates.

6. The only remaining point that requires specific mention is the matter of interest. The court charged that if plaintiffs were entitled to recover, interest at 6 per cent from the date Gerstermeier appropriated the money should be allowed. The verdict included interest to the amount of $1,061.15, found by the court to be some $17 in excess of 6 per cent interest from the dates the certificates were paid to Gerstermeier. This amount was reduced by the court to $362, being interest at 6 per cent from the date plaintiffs demanded payment from defendant. Defendant claims that the rate of interest provided in the certificates, 3½ per cent, should be applied. We see no basis for this contention. The certificates did not draw any interest after 6 months from their dates. Any possible error in the instructions on this subject was more than cured by the reduction of the verdict. We think interest at the legal rate from the date of the demand was properly allowed.

In conclusion, our opinion is that the evidence sustains the verdict, and that there was no error prejudicial to defendant either in the rulings on the trial or in the charge. There is no valid ground upon which we can disturb the result reached in the court below.

Order affirmed.