AMERICAN SURETY COMPANY OF NEW YORK v.
J. N. PEYTON.[1]

July 29, 1932.

No. 28,950.

*D. F. Nordstrom,* for appellant.
*Orr, Stark, Kidder & Freeman,* for respondent.

Stone, J.

Defendant appeals from a judgment, admitting liability for principal but denying liability for interest.

Plaintiff sues as subrogee of the state of Minnesota for a deposit balance to the latter's credit November 15, 1926, in the Marietta State Bank, which on that date was found insolvent and taken over for liquidation by the commissioner of banks. Plaintiff had given bond to secure the deposit, and December 9, 1926, paid in discharge of its liability $9,962.87 with interest at three per cent to November 15, 1926, and at six per cent from then to the date of payment.

The involved transactions antedate the enactment of L. 1921, p. 973, c. 518, § 1 (G. S. 1923 [1 Mason, 1927] § 106) which took from sureties for state depositories their right to subrogation. It is not questioned that plaintiff rightfully claims as subrogee of the state. U. S. F. & G. Co. v. Rathbun, 160 Minn. 176, 199 N. W. 561. But the judgment is questioned on the grounds (1) that no interest should have been allowed, or (2) that if interest is chargeable it must be at the rate of three per cent per annum.

Defendant's position is that, although the state's claim was preferred, no interest could accrue after the debtor's insolvency and the sequestration of its assets for liquidation, there being insufficient property to pay expenses of liquidation and all claims. That argument is a misconception of the "general rule," stated in Thomas v. Western Car Co. 149 U. S. 95, 116, 13 S. Ct. 824, 833, 37 L. ed. 663,

that "after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate." Controlling as between claims of the same rank, that rule has no application against a preferred and superior claim in favor of an inferior general claim. It applies "only to a case where the fund is insufficient to pay all, and the creditors are all of the same rank." Richmond & I. Const. Co. v. Richmond, N. I. & B. R. Co. (C. C. A.) 68 F. 105, 116, 34 L. R. A. 625; American I. & S. Mfg. Co. v. Seaboard A. L. Ry. 233 U. S. 261, 34 S. Ct. 502, 58 L. ed. 949. See also Central Tr. Co. v. Condon (C. C. A.) 67 F. 84; American S. Co. v. Carbon T. Co. (C. C. A.) 263 F. 295, 303; U. S. F. & G. Co. v. Bramwell (D. C.) 295 F. 331, affirmed on appeal (C. C. A.) 299 F. 705; Bramwell v. U. S. F. & G. Co. 269 U. S. 483, 46 S. Ct. 176, 70 L. ed. 368.

As to claims against insolvent corporations, our statute, G. S. 1923 (2 Mason, 1927) § 8013, gives to "debts due the United States and the State of Minnesota" priority over all others except only overhead expense of the receivership. Inasmuch as plaintiff through subrogation has all the rights of the state and the involved claim is superior to the general claims (there being a sufficient fund for payment of all preferred claims), plaintiff is entitled to interest.

■ Remains the question whether interest shall be at the legal rate of six, G. S. 1923 (2 Mason, 1927) § 7036, or the contract rate of three per cent per annum. The Marietta State Bank was designated a state depository by the board of deposit, G. S. 1923 (1 Mason, 1927) § 97. Under § 98 that board designates depositories by resolution. Separate resolutions fix the rate of interest, which the board changes from time to time to conform to prevailing conditions. The resolutions designating a depository and rate of interest, with acceptance by a bank, become a simple contract that the bank shall receive state money on deposit, repay it on demand, and pay interest at the designated rate. Inescapable then is the statutory mandate, G. S. 1923 (2 Mason, 1927) § 7036, that "contracts shall bear the

same rate of interest after they become due as before." Following that is the pronouncement upon any contractual provision "for an increase of the rate of interest after maturity" of the penalty of forfeiting all interest. With the statute in that form, we can no longer apply to a simple contract for the payment of money, with interest at a stated rate, the rule under a former statute in different form, that "the interest recoverable as damages on a note or other instrument after maturity is the legal rate of interest, and not the rate fixed in the instrument for interest before maturity." 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2524, citing cases from Talcott v. Marston, 3 Minn. 238 (339) to Lash v. Lambert, 15 Minn. 336 (416), 2 Am. R. 142. The latest case there mentioned, Trustees v. Merchants Nat. Bank, 139 Minn. 80, 165 N. W. 491, was a suit, not on any contract but sounding wholly in tort, for the conversion of certificates of deposit or the proceeds thereof. In consequence, interest was allowed at the legal rate of six per cent instead of the rate fixed by the certificates of deposit at three and one-half per cent. To apply the old rule now so as to permit an increased rate of interest after maturity would be for the law to do that which is not only prohibited to the parties themselves but penalized by the forfeiture of interest already referred to. Of course, where a contract debt bears no interest before and is silent as to the rate after maturity, the legal rate applies after default. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4881.

■ It is suggested that the legal rate of six per cent, G. S. 1923 (2 Mason, 1927) § 7036, should apply after the allowance of the claim by defendant as statutory liquidator. That we cannot do, because under our statute, G. S. 1923 (2 Mason, 1927) § 7689, providing for the liquidation of the state banks by the commissioner of banks and fixing the procedure to be followed, there is nothing in the way of a judgment of the court or an order amounting to a judgment of such a nature as to put an end to the liability on the contract and substitute therefor an obligation by judgment. It is not the court which allows the claims, but rather and only the commissioner of banks. "Upon the expiration of the time fixed for

the presentation of claims," he makes a list of those presented, "including and specifying such claims as have been rejected by him." Then, in the absence of a contest over either rejected or allowed claims, he proceeds to pay dividends to the extent permitted by the available funds. In cases of doubt or conflicting claims, "he may require an order of the district court authorizing and directing the payment of such claims." We need not now consider whether such an order, if procured, amounts to a judgment which merges the original contract debt and so takes the legal rather than the contract rate of interest. In this case there has been no such order. At least there was none until the judgment from which this appeal was taken. So we must hold that, inasmuch as the only obligation there was up to the entry of that judgment was of contract, the contract rate of interest applied to the exclusion of the legal rate. This follows, we think, because claims filed with the receiver do not lose their interest-bearing quality during the receivership. Where all are of equal rank and interest is not allowed, the result is put upon the "necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full." American I. & S. Mfg. Co. v. Seaboard A. L. Ry. 233 U. S. 261, 266, 34 S. Ct. 502, 504, 58 L. ed. 949. It was there pointed out that the general rule (already shown not to apply as against interest on preferred claims) did not prevent the running of interest during the receivership; and if as a result of good fortune or good management the estate proved sufficient to discharge the claims in full, interest (obviously at the contract rate) should be paid. "Even in bankruptcy * * * it has been held, in the rare instances where the assets ultimately proved sufficient * * *, that creditors were entitled to interest accruing after adjudication."

If we had here anything in the nature of a judgment superseding and merging the original contract liability, the result of course would be different. The legal rather than the contract rate would apply. But in the absence of the new and different obligation created by judgment to supersede the old on the contract, we find

nothing on which to base a holding that the legal rather than the contract rate controls after allowance of a claim by the commissioner of banks acting as liquidator under the statute.

It was error to allow interest at six per cent. The contract rate of three per cent applies. The judgment must be modified accordingly.

So ordered.

DIBELL, J. (concurring specially).

I agree with the first paragraph of the opinion. I would prefer a holding that where, as here, the assets are sufficient to pay the preferred claim and interest, interest should be cast from the time that the claim is allowed at the legal rate whether we think of it as damages or by virtue of the statute; but I do not care to oppose my judgment against that of the others. I think however that § 7036, providing that contracts shall bear the same rate of interest after as before due is not of consequence. The statute refers to a contract and prevents the parties from agreeing when it is made that after it is due it shall bear a greater interest; but it has nothing to do with a situation where the law intervenes by way of sequestration and stays the hands of the creditor.

