### RUNDELL v FULTON
### FULTON v B R BAKER-TOLEDO CO

Ohio Appeals, 6th Dist, Lucas Co

Nos 2741 & 2760. Decided March 27, 1933.

George H. Fell, Toledo, for Edward Rundell.

Williams, Eversman & Morgan, Toledo, for The B. R. Baker-Toledo Company.

John W. Bricker, Attorney General, Co-

lumbus, Brown & Sanger, Toledo, and Sholto M. Douglas, Toledo, for Superintendent of Banks.

RICHARDS, J.

Sec 8305, GC, so far as applicable to these cases, reads as follows:

"When money becomes due and payable on any bond, bill, note or other instrument of writing * * * the creditor shall be entitled to interest at the rate of 6% per annum and no more."

It is insisted that this provision has no application where the assets of the debtor are taken over for liquidation by the Superintendent of Banks. The statute was in force when each draft was issued and pay-ment demanded thereon and it became in effect a part of the contract between the parties. This court is unable to see how the appointment of a receiver or taking possession by the Superintendent of Banks for purposes of liquidation, would relieve the debtor or its assets from the liability to pay interest on preferred claims of this character. If the appointment of a receiver would relieve a debtor from the payment of interest, it is conceivable that cases could arise where the ultimate object in securing the appointment of a receiver would be to avoid the payment of interest.

Where claims are all of one class, whether preferred or otherwise, and there are insufficient funds to pay them in full, there would ordinarily be no object in the allowance of interest, and in such cases it is usually held that interest will not be allowed, but, when, as in the cases at bar, claims are preferred, and there are sufficient assets to pay them in full together with interest, the interest goes with the principal and is entitled to like priority.

The Supreme Court in Minnesota, in American Surety Co. v Payton, State Commissioner of Banks, 244 NW, 74, in disposing of a similar case, used the following language:

"Defendant's position is that, although the state's claim was preferred, no interest could accrue after the debtor's insolvency and the sequestration of its assets for liquidation; there being insufficient property to pay expenses of liquidation and all claims. That argument is a misconception of the "general rule," stated in Thomas v Western Car Co., 149 U. S., 95, 13 S. Ct., 824, 833, 37 L. Ed., 663, that, "after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate." Controlling as between claims of the same rank, that rule has no application against a preferred and superior claim in favor of an inferior general claim. It applies "only to a case where the fund is insufficient to pay all, and the creditors are all of the same rank."

In American Surety Co. v Carbon Timber Co. et, 263 Fed., 295, the Circuit Court of Appeals held that

"A preferential claim against the estate of an insolvent is entitled to interest, where interest would otherwise be recoverable, and there are sufficient funds to pay claims

of its class in full."

A like holding was made in Mercantile Trust Co. v Tennessee Central Railroad Co., 286 Fed., 425.

The better reasoned authorities, including textbooks and many decisions, support the views above expressed.

In Rundell v Fulton, Superintendent of Banks, the plaintiff having indicated that he does not desire to plead further, a decree will be rendered in his favor awarding him a preference on the assets of the bank as stated in disposing of the demurrer and this preference will include and apply to interest on the drafts from the time payment was refused.

In Rundell v Fulton, Superintendent, decree for plaintiff.

In Fulton, Superintendent v Baker-Toledo Company, judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.